J. S27003/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
                   Appellee : PENNSYLVANIA
                        :
                        :
                        :
            v. :
                        :
RICHARD ERIC BOWMAN-DIX, :
                        :
           Appellant : No. 1070 MDA 2015

Appeal from the Judgment of Sentence April 20, 2015
In the Court of Common Pleas of York County
Criminal Division No(s): CP-67-CR-0004378-2014

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E. [*]

CONCURRING STATEMENT BY DUBOW, J.: **FILED JULY 14, 2016**

I join the Majority Memorandum. I write separately to clarify that, due to Appellant's violation of Section 6308(a) of the Vehicle Code, probable cause existed to arrest Appellant before the officers began to forcibly remove him from the car.

As the Majority notes, a sobriety checkpoint is part of a "systematic program" permissible under our Constitution and case law. ***See Commonwealth v. Worthy***, 957 A.2d 720, 724 (Pa. 2008). Our Vehicle Code provides that a police officer who is "engaged in a systematic program of checking vehicles or has reasonable suspicion that a violation is occurring or has occurred" has the authority to stop a vehicle for purposes of, *inter*

---

[*] Former Justice specially assigned to the Superior Court.

*alia*, "checking the vehicle's registration, proof of financial responsibility, … the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title." 75 Pa.C.S. § 6308(b). The Code also provides that a vehicle operator "reasonably believed to have violated any provision of the Title shall, upon request … provide identification." 75 Pa.C.S. § 6308(a). Section 6304 allows for the "warrantless arrest of any person who violates any provision of this Title in the presence of the officer." 75 Pa.C.S. § 6304(a).

In the instant case, as Appellant concedes, the police officer had the authority to stop Appellant at the sobriety checkpoint and request identification pursuant to Section 6803(b). When Appellant stopped at the checkpoint and refused to roll down his heavily-tinted window more than two inches, the police officer had reasonable suspicion that Appellant was driving under the influence such that the officer's further investigation by opening the car door was justified. *See generally Commonwealth v. Cook*, 735 A.2d 673, 677 (Pa. 1999). When the officer requested Appellant's identification, Appellant was obligated to provide it. 75 Pa.C.S. § 6308(a). When Appellant refused to comply with the officer's request, he violated Section 6308(a). Because Appellant violated a "provision of this Title in the presence of the police officer making the arrest," the police officer then had the authority to arrest Appellant without a warrant. 75 Pa.C.S. § 6304(a).

Accordingly, the trial court properly denied Appellant's motion to suppress, and I concur in the affirmance of his judgment of sentence. **_See_** **_Commonwealth v. Biagini,_** 655 A.2d 492 (Pa. 1995) (reaffirming the proposition that the underlying arrest must be "lawful" in order for a charge of resisting arrest to be sustained).

P.J.E. Stevens joins this concurring statement.